IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION



| | |
|---|---|
| PAM BROOKS, | |
| Plaintiff, | |
| v. | Civil Action No. 718-CV-102-0 |
| WEHNER MULTIFAMILY, LLC and UNITED STATES POST OFFICE, | |
| Defendants. | |

### NOTICE OF REMOVAL

Please take notice that defendant United States Post Office hereby removes the action pending as Cause No. SC8788 in the Justice Court of Wichita County, Texas, Precinct 1, Place 2, the Honorable Michael R. Little, Justice of the Peace, Presiding, to the Wichita Falls Division of the United States District Court for the Northern District of Texas, and as support would respectfully show as follows:

1.   Cause No. SC8788 was commenced upon plaintiff Pam Brooks's filing of a petition in justice court of Wichita County, Texas. In the petition, Brooks names as a defendant the United States Post Office and alleges that she was subjected to mental stress because the Postal Service did not comply with a request to hold her mail. Brooks seeks monetary damages of $5,000 and references sections 1729 and 1703, apparently referring to the statutes at 18 U.S.C §§ 1729 and 1703 which make it a crime to set up

any office or place of business professing to be a post office without authority from the Postal Service and for Postal Service employees to delay or destroy the mail.

2. This action is removable pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of any "civil action . . . commenced in a State court" against "[t]he United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." This removal provision applies in this case because the United States Post Office identified as a defendant in the petition is a component of the U.S. Postal Service, which is an independent establishment of the executive branch of United States. *See* 39 U.S.C. §§ 101, 201; *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484–85 (2006).

3. The purpose of the section 1442(a)(1) removal provision is to protect the lawful activities of the federal government from undue state interference. *See Willingham v. Morgan*, 395 U.S. 402, 405–06 (1969). Unlike the general removal statute, which must be "strictly construed in favor of remand," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), "[t]he Supreme Court has stated that § 1442(a)(1) is to be construed broadly and 'should not be frustrated by a narrow, grudging interpretation,'" *Humphries v. Elliot Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). A case may be removed even if a federal question arises as a defense rather than as a claim apparent from the face of the plaintiff's well-pleaded complaint. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).

5. Here, removal is proper under section 1442(a)(1) because the United States Post Office is an instrumentality of the United States, as a component of the U.S. Postal Service. Brooks's petition also makes clear that she has filed suit based on activities relating to the Post Office's official role as the instrumentality that receives, transmits, and delivers mail.

6. Further, although the text of the statute does not specifically require it, there is caselaw suggesting that removal under section 1442(a)(1) should only occur when the defendant can assert a "colorable federal defense." *See Mesa v. California*, 489 U.S. 121, 136 (1989). Courts are divided on whether this requirement should apply when the removing defendant is a federal agency (as opposed to a natural person who is removing the case as a federal officer).[1] Here, though, the Court need not resolve whether a colorable federal defense must be asserted, because the Post Office is asserting at least one such defense: the defense of sovereign immunity. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983). Brooks appears to be seeking monetary damages from the Post Office under a theory that it mishandled her

---

[1] *Compare Guggenberger v. Starkey Labs., Inc.*, No. 16-2021, 2016 WL 7479542, at 11 n.13 (D. Minn. Dec. 29, 2016) (explaining that such a showing is required in the Eighth Circuit but explaining that there "appears to be a circuit split on the issue"), *with City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389–92 (6th Cir. 2007) (holding that because *Mesa*'s requirement of a colorable federal defense was tied to the words "under color of office" in the statute, federal agencies need not provide a colorable federal defense because "under color of office" language applies only to federal officers or agents), *and City of Jacksonville v. Dep't of Navy*, 348 F.3d 1307, 1313 n.2 (11th Cir. 2003) (recognizing that "it remains to be decided whether the requirement of a federal defense also applies to removal by the United States or one of its agencies" but declining to decide because the removing entity asserted the federal defense of sovereign immunity).

mail, but she has not shown—and cannot show—that Congress has authorized a suit of this type against the Post Office. *See, e.g., Dolan*, 546 U.S. at 484–85 (explaining that sovereign immunity has not been waived for claims relating to any loss, miscarriage, or negligent transmission of the mail). The Post Office intends to file a motion to dismiss in which it will elaborate on this defense[2] and request dismissal of all claims against it.[3] Assuming the claims against the Post Office are dismissed (and assuming there is no other basis for federal jurisdiction as to any remaining claim against co-defendant Wehner Multifamily, LLC[4]), the Court would then also appear to have discretion to remand the case to state court. *See Leal v. BR Healthcare Solutions, LLC*, 2017 WL 9435573, at *2 (W.D. Tex. Sept. 20, 2017) (explaining the district court's options in this regard after dismissing a claim against a federal defendant which had supported removal from state court).

---

[2] The Post Office also reserves all other defenses available to it.

[3] A federal defendant is entitled to remove a case to federal court notwithstanding its contention that a dismissal is proper because jurisdiction may not actually exist in federal court for some or all of the claims asserted. *See IMFC Prof'l Servs. of Fla., Inc. v. Schweiker*, 676 F.2d 152, 156 (5th Cir. Unit B 1982) ("The only prerequisite to removal of a civil action under § 1442 is that it be brought against a federal officer or agency. There is no indication in § 1442 that the federal court must have subject matter jurisdiction over the claims against the federal officer.").

[4] Brooks's petition also identifies two individuals, Elizabeth Jones and Mary Jacobjlove, in connection with its naming of defendants Wehner Multifamily, LLC and United States Post Office. It appears from the context and from the totality of Brooks's filings that Brooks gave these names as contact persons for each defendant, as opposed to naming them separately as additional defendants—for example, the Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filled out by Brooks lists only Wehmer Multifamily, LLC and United States Post Office as the defendants.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8626
Facsimile: 214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendant
United States Post Office