IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| PAM BROOKS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7-18-cv-00102-O-BP |
| § | |
| WEHNER MULTIFAMILY, LLC, and § | |
| UNITED STATES POST OFFICE, § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Special Order 3, this case was referred automatically to the undersigned on July 10, 2018 when it was removed to the Court from the Justice Court of Wichita County, Texas, Precinct 1, Place 2 by Defendant United States Post Office ("USPS"). Before the Court is a Motion to Dismiss (ECF No. 7) filed by USPS on July 17, 2018. By order dated July 19, 2018 (ECF No. 8), the Court ordered Plaintiff to respond to the Motion on or before August 7, 2018. Plaintiff failed to do so. By Order dated September 4, 2018 (ECF No. 14), the Court again ordered Plaintiff to file any response that she wished to make to the Motion on or before September 18, 2018. As of today, Plaintiff has failed to respond to the Motion.

Because it is clear that the Court lacks jurisdiction over Plaintiff's claims against USPS, and because there is no independent basis of federal jurisdiction over Plaintiff's claims against the other defendant in this case, Wehner Multifamily, LLC ("Wehner"), the undersigned recommends that United States District Judge Reed O'Connor **DISMISS** Plaintiff's claims against USPS **WITHOUT PREJUDICE**, **DECLINE** to exercise supplemental jurisdiction over Plaintiff's claims against Wehner, and **REMAND** the case to the state court from whence it came.

## BACKGROUND

Plaintiff Pam Brooks ("Brooks") filed suit in Small Claims Court in Wichita County, Texas, seeking damages from USPS and Wehner, her previous landlord, for failing to hold her mail. As to USPS, she seeks $5,000.00 in damages for alleged mental stress and $5,000.00 from Wehner for its role in not holding her mail. USPS timely removed the case to this Court under 28 U.S.C. § 1442(a)(1), which authorizes removal of any "civil action . . . commenced in a State court" against "[t]he United States or any agency thereof or any officer (or person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." Defendant United States Post Office is the predecessor to the United States Postal Service. The Postal Reorganization Act of 1970 "transformed the Post Office Department into a Government-owned corporation called the United States Postal Service." *United States Postal Service v. Council of Greenburgh Civic Associations*, 453 U.S. 114, 122 (1981). The Postal Service is an independent establishment of the executive branch of the United States. *See* 39 U.S.C. §§ 101, 201; *Dolan v. United States Postal Service*, 546 U.S. 481, 484-85 (2006). USPS now moves to dismiss Brooks' case against it because sovereign immunity bars those claims, and thus the Court lacks jurisdiction to consider them.

## LEGAL STANDARD AND ANALYSIS

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001).

USPS seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) because it is an independent establishment of the executive branch of the United States. The United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly consented to the suit. *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "When [as here] a federal agency is the named defendant in an action, the general rule, which has been applied in numerous judicial decisions, is that the agency may be sued only if Congress has consented to the action, the reason being that the United States is the real party in the interest in the litigation." *Brazos Elec. Power Co-op v. San Miguel Elec. Co-op., Inc.*, No. A-14-CA-893-LY, 2015 WL 1651456, at *4 (W.D. Tex. Apr. 14, 2015) (quoting 14 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3655 (3d ed. 2013)). The plaintiff has the burden of showing a waiver of immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

Brooks has failed to allege any waiver of immunity that would permit her suit against USPS to proceed. In the absence of such a waiver, the Court lacks subject-matter jurisdiction over those claims, and the case against USPS should be dismissed under Rule 12(b)(1). *Id.* "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

Having recommended that Judge O'Connor dismiss Brooks' claims against USPS, the undersigned further recommends that he decline to exercise supplemental jurisdiction over her remaining claims against Wehner. Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over a remaining claim after it "has dismissed all claims over which it has original jurisdiction." In this case, Brooks has alleged no separate jurisdictional basis

for her remaining claims against Wehner. Although it is not clear whether diversity of citizenship of the remaining parties exists, Brooks has alleged damages far below the amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332. No other arguable basis for federal subject-matter jurisdiction appears on the face of Brooks' petition in Small Claims Court. This case is in the early stages of the proceeding, and the parties would not be prejudiced if the remaining claims were remanded to state court. Under these circumstances, the undersigned recommends that Judge O'Connor decline to exercise supplemental jurisdiction over Brooks' remaining claims against Wehner and remand the case to state court for further proceedings.

## CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Plaintiff's claims against USPS **WITHOUT PREJUDICE**, **DECLINE** to exercise supplemental jurisdiction over Plaintiff's claims against Wehner, and **REMAND** the case to the Justice Court of Wichita County, Texas, Precinct 1, Place 2.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **November 29**, **2018**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE